Concurring Opinion.
Spencer, J.
I concur in the decree in this case, but prefer to rest my concurrence upon grounds somewhat modified, though, perhaps, not materially different from those expressed by Mr. Justice White.
I adhere to the doctrine in Eourchy’s case, 30 A. p. 910, to the effect that the Legislature is not obliged to make taxation universal; that it may omit or exempt from taxation, by a general provision, the whole or a stated amount of a species of property. Perhaps it would be more exact to say that the Legislature may fix the point where taxation shall begin on any species of property that is taxed, or may omit the species entirely. Thus, it may say that household effects shall only be taxed on the excess of their value over $500; or it may omit it entirely from the list of taxable property. But within the limits that the tax operates on any species of property, no exemption can be made, except for “ church, school, or charitable purposes.” Thus, in the case put, the excess over $500 in value of all household furniture must be taxed equally and uniformly, unless it is “used for church, school, or charitable purposes.”
But, in my judgment, the strongest reason for holding this act relative to taxation of cotton factories unconstitutional is that it in reality imposes a specific tax. The substance and marrow of that act is to fix a specific tax of $100 on cotton factories regardless of value. Plaintiffs can not maintain that it is a license tax for the privilege of carrying on a *450 cotton factory, for if that be so there is no foundation for their claim of exemption from a tax on the property■ itself. Because the Legislature fixes the license of a class of persons pursuing an occupation at $100 is no reason that the property and capital employed in that business be not taxed. The act declares in effect that payment of $100 shall be in discharge and lieu of all taxes upon the property and capital of the factory. It is, therefore, necessarily a tax on the property, and violates article 118 of the constitution, which requires all taxation to be ad, valorem.